■ PITROCK REALTY CORP., Respondent-Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant-Respondent. — Order, Supreme Court, New York County (Dontzin, J.), entered March 23, 1982, denying plaintiff's motion for partial summary judgment on the issue of liability and defendant's cross motion to strike the third cause of action seeking punitive damages, unanimously modified, on the law, without costs or disbursements, to grant the cross motion and, except, as thus modified, affirmed. Nothing in this record would justify an award of punitive damages. Defendant promptly investigated the loss, which was considered suspicious by the fire department. It hired experts to determine actual cash value on the basis of which it offered $37,500 against a policy limit of $50,000 on the building and $13,000 for loss of rental value. Plaintiff does not cite any specific instance of unlawful conduct or disingenuous and dishonest failure to perform its obligations under the insurance policy. (See *Cohen v New York Prop. Ins. Underwriting Assn.,* 65 AD2d 71.) The cause of action for punitive damages is, therefore, dismissed. We agree with Special Term that triable issues preclude the award of partial summary judgment to plaintiff. Concur — Kupferman, J. P., Sullivan, Ross, Milonas and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANSOME GAMBLE, Appellant. — Judgment, Supreme Court, New York County (Smith, J.), rendered on October 14, 1982, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sullivan, J. P., Ross, Carro, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HARRIS, Appellant. — Judgment, Supreme Court, New York County (Peter McQuillan, J.), rendered on January 7, 1982, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Kupferman, J. P., Sandler, Fein, Milonas and Alexander, JJ.